IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DESMOND ALAN MACKAY,<br><br>Petitioner,<br><br>vs.<br><br>PETER BLUDWORTH, WARDEN, CROSSROADS CORRECTIONAL CENTER, AND AUSTIN KNUDSEN,<br><br>Respondents. | Cause No. CV 23-51-GF-BMM-JTJ<br><br><br>ORDER DISMISSING PETITION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Petitioner Desmond Alan Mackay's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mackay is a state prisoner proceeding pro se. The Court directed Mackay to show cause why his petition should not be dismissed as untimely on October 13, 2023. (Doc. 5.) Mackay responded. (Doc. 6.) The petition will be dismissed.

## I. Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J.,

1

concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II.  Background

The Court outlined the procedural history of Mackay's case in the Court's prior Order. (Doc. 5.) Based on the dates in Mackay's petition, the Court concluded his petition should have been filed by March 13, 2018, as explained in the previous Order. (Doc. 5 at 2.) Mackay filed the petition on August 28, 2023.

## III.  Analysis

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244. The Court directed Mackay to show why his petition should not be dismissed with prejudice as time-barred. Mackay does not dispute that his petition is late. Instead, Mackay raises four points in support of his contention that the Court should consider his petition nonetheless.

### A. Equitable Tolling

The statute of limitations may be tolled if the petitioner has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mackay provides two arguments in support of his claim that he is entitled to equitable tolling. First, Mackay advises the Court he has limited education and

encourages the Court to take his pro se status into account in considering whether his petition should move forward. (Doc. 6 at 2 – 3.) Mackay contends that the case law and statutes governing the statute of limitations are confusing and contradictory, thus obliging the Court to construe his pro se actions liberally. (Doc. 6 at 3 – 4.) When confronted with the clear requirement that he present his claims to the state court first, Mackay proceeded down that path, even though it turned a potentially two-month late filing into a five-year late filing. (Doc. 6 at 6.) Mackay states that he has "filed a challenge to his unconstitutional conviction nearly every year since his conviction in 2015," thereby demonstrating diligence. (Doc. 6 at 7.)

Second, Mackay relies on the main argument of his petition to illustrate the impediment external to himself that prevented his timely filing. Mackay asserts that his trial counsel conspired with the prosecutor to prevent Mackay from pursuing his proper appeals. Mackay alleges that his trial counsel and prosecutor promised him that the state district court's unconstitutional biases would be corrected upon sentence review, convinced him to dismiss his direct appeal, and then abandoned him. (Doc. 6 at 8.) Mackay claims this misconduct constitutes an extraordinary circumstance that entails him to equitable tolling. (Doc. 6 at 9.)

Mackay blames his dismissal of his state court direct appeal on his trial counsel and the prosecutor. Mackay's motion to dismiss in the Montana Supreme Court shows, however, that he was represented by appellate counsel, and made a

3

knowing, intelligent, and voluntary waiver of direct appeal. *See State v. Mackay*, No. DA 16-0028, motion to dismiss, (Mont. Oct. 28, 2016) and Or. (Mont. Oct. 31, 2016). Mackay mentions nothing in his response in this Court to establish ineffectiveness by his appellate counsel, coercion in dismissing his appeal, or anything otherwise to undermine that decision. As of March 13, 2017, Mackay knew that any promise of his prior counsel about the sentence review division was false. Mackay had one year from that date to file his federal petition, and any portion of that year during which a "properly filed application for State postconviction or other collateral review" was pending in state court would be tolled. 28 U.S.C. § 2244(d)(2). Mackay waited to move for relief in the Montana state district court until May 24, 2018. The statute had already expired before Mackay attempted any post-conviction relief. The actions of his trial counsel do not affect this calculation.

Mackay's pro se status also fails to excuse the delay. To the extent that Mackay believes the Court should equitably toll the statute of limitations, see e.g., *Holland*, 560 U.S. at 649, due to his lack of legal training and knowledge, such an argument proves unavailing. The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); see also, *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling

"standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Additionally, normal prison limitations on law library access normally do not warrant equitable tolling.  See, *Ramirez v. Yates*, 571 F. 3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier…were neither 'extraordinary' nor made it impossible for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F. 3d 1144, 1146 (9th Cir. 2001) (recognizing that a lack of access to library materials does not automatically qualify as grounds for equitable tolling.).  Mackay has failed to show at this time a basis that would entitle him to equitable tolling.

   B.  **Miscarriage of Justice**

Next, Mackay argues that the Montana state district court's violations of his rights and abuse of power were so severe as to result in a serious miscarriage of justice. (Doc. 6 at 10 – 12.) Mackay appears to seek to take advantage of the "actual innocence gateway," by which a petitioner may bypass a procedural restriction on his or her habeas petition, such as the expiration of the statute of limitations.   *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that,

in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (emphasizing that the standard is "demanding" and seldom met). Mackay "thus seeks an equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *Id.*, 569 U.S. 383, 392, (2013). Mackay fails to provide any "new" evidence that was unavailable to him at the time of his conviction, and he fails to present any colorable claim of innocence.

The thrust of Mackay's petition is that the conduct of the presiding Montana state district court so deeply flawed his proceeding that it rendered his conviction unconstitutional. These violations include improperly disallowing Mackay bail, Doc. 1 at 5 – 7, improper analysis regarding charges at his change of plea hearing, which violated the separation of powers, *id*. at 8 – 10, not following the terms of the plea agreement, *id*. at 11 – 13, and failing to recuse herself. These errors, Mackay claims, violated his rights to due process and a fair trial. (Doc. 1 at 15.) Mackay also contends his rights were violated because he was not indicted by a grand jury. (Doc. 1 at 16.)

These contentions do not meet the standard required of the actual innocence exception. None of the contentions constitute new evidence. Mackay instead asserts only alleged errors in his district court proceedings that would have been available for argument on direct appeal. Further, none of these errors changes the

fact that he pled guilty and admitted his conduct in open court. No plausible claim exists that a juror would not find him guilty.

Finally, Mackay's indictment argument is unavailing. The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See Branzburg v. Hayes, 408 U.S. 665, 687-88 n. 25 (1972)* (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California, 110 U.S. 516, 535* (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); *see also Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). To the extent that Mackay believes he was constitutionally entitled to indictment by a grand jury, and that his right to due process was violated when he was prosecuted via information, he is mistaken. This Court consistently has rejected such a claim as frivolous and wholly lacking in substantive merit.

### C. Constitutionality of AEDPA's statute of limitations

Finally, Mackay asserts that the statute of limitations in the AEDPA is unconstitutional, violating Article I, § 9. (Doc. 6 at 14 – 17.) It is well-settled Ninth

Circuit law that AEDPA's statute of limitations is not an unconstitutional restriction on Mackay's right to petition for a writ of habeas corpus. *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mackay has made a substantial showing that he allegedly was deprived of a constitutional right. He has made a colorable claim of equitable tolling, but has not demonstrated the availability of the actual innocence exception. Accordingly, his

is petition is time-barred. Reasonable jurists could find a basis to encourage further proceedings. A certificate of appealability will be granted.

Accordingly, **IT IS ORDERED**:

1. The Petition (Doc. 1) is DISMISSED with prejudice.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is GRANTED.

DATED this 5th day of December, 2023.

Brian Morris, Chief District Judge
United States District Court